IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLAWOLE OLAJIDE AMOS, Register No. A-207-400-489, | § § § § | |
| Petitioner, | § § | CIVIL ACTION NO. H-17-3508 |
| v. | § § | |
| JEFF SESSIONS, et al., | § § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Olawole Olajide Amos, also known as Olajide Amos Olawole (A-207-400-489), filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1) challenging his continued detention by immigration officials while awaiting his removal from the United States. The respondents have filed a Motion to Dismiss the Petition for failure to state a claim upon which relief may be granted ("Respondents' Motion") (Docket Entry No. 8). The petitioner has not filed a response and his time to do so has expired. The Petition will be dismissed for the reasons explained briefly below.

**I. Discussion**

On December 16, 2016, the petitioner was convicted of conspiracy to commit wire fraud and sentenced to serve a year and a day in federal prison. See United States v. Olajide Amos

Olawole, Crim. No. H-16-0162-01 (S.D. Tex.) (Docket Entry No. 67). As a native and citizen of Nigeria, the petitioner was taken into custody of immigration officials on February 8, 2017, and placed in removal proceedings.[1] An immigration judge entered an order of removal against him on July 18, 2017.[2] On November 7, 2017, the petitioner executed the pending Petition, seeking release from his continued detention under 28 U.S.C. § 2241.[3]

On January 23, 2018, the respondents moved to dismiss the Petition for failure to state a claim, arguing that the petitioner's continued detention was proper and that his removal was reasonably foreseeable, among other things.[4] The petitioner was ordered to respond within twenty days to any dispositive motion filed by the respondents.[5] The petitioner was warned that his failure to respond would result in the dismissal of this action for want of prosecution under Fed. R. Civ. P. 41(b).[6] The petitioner has failed to respond as directed and officials at the detention center where the petitioner was confined when he executed his Petition have confirmed that he has been removed from the

---

[1] Petition, Docket Entry No. 1, p. 4.

[2] Id.

[3] Petition, Docket Entry No. 1, p. 8.

[4] Respondents' Motion to Dismiss, Docket Entry No. 8, pp. 5-6.

[5] Order, Docket Entry No. 3, p. 3 ¶ 6.

[6] Id.

United States and is no longer in custody. The petitioner's release from custody necessarily calls into question whether the court retains jurisdiction over the subject matter of the Petition.

Federal courts are "'courts of limited jurisdiction, having "only the authority endowed by the Constitution and that conferred by Congress."'" Halmekangas v. State Farm Fire and Casualty Co., 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted). As such, the existence of subject matter jurisdiction may be challenged at any stage in the litigation and may be raised by the district court on its own motion. See Nguyen v. District Director, Bureau of Immigration and Customs Enforcement, 400 F.3d 255, 260 (5th Cir. 2005) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Article III of the United States Constitution limits federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. The Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Spencer v. Kemna, 118 S. Ct. 978, 983 (1998). Under the case-or-controversy requirement, "'[t]he parties must continue to have a "personal stake in the outcome" of the lawsuit.'" Id. (quoting Lewis v. Continental Bank Corp., 110 S. Ct. 1249, 1254 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened

-3-

with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting Lewis, 110 S. Ct. at 1253). Because the petitioner challenged only his continued detention, his release from custody leaves nothing for this court to remedy. Absent a case or controversy, the Petition is moot and must be dismissed. See Fed. R. Civ. P. 12(h)(3).

## II. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Olawole Olajide Amos, also known as Olajide Amos Olawole, (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

2. Respondents' Motion to Dismiss (Docket Entry No. 8) is **MOOT**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties of record.

**SIGNED** at Houston, Texas, on this 29th day of March, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE